S. J. LEONARD *v.* CRANBERRY FURNACE CO.*

(*Knoxville.*   September Term, 1924.)

1.  MASTER AND SERVANT.  Findings of trial judge on material evidence not disturbed.

  Findings of fact of trial judge as to compensation, if supported by material evidence, will not be disturbed on appeal.  (*Post, pp.* 352, 353.)

2.  MASTER AND SERVANT.  Injury to ore shoveler while violating instructions held not in ''course of employment.''

  Where, at time of injury to ore shoveler, he was voluntarily and against positive instructions loosening supporting chain of swing-floor doors of freight car, his injury did not, in view of Workmen's Compensation Act, section 2, subsec. (d), arise out of and in "course of employment."  (*Post, pp.* 353-355.)

  Acts cited and construed:  Acts 1919, ch. 123.

  Case cited and approved:  Kitchenham v. Steamships Johannesburg (1911), A. C., 417.

3.  MASTER AND SERVANT.  Compensation Act liberally construed.
  Liberal construction should be given all terms of the Workmen's Compensation Act.  (*Post, pp.* 355, 336.)

4.  MASTER AND SERVANT.  Liability of employer held limited to injuries employer might have contemplated.

  Liability of employers under Compensation Act is subject to limitations;  it being essential that injury be one that, by exercise of foresight, employer might have contemplated.  (*Post, pp.* 355, 356.)

  Case cited and approved:  Milne v. Sanders, 143 Tenn., 602.

---

  *On compensation recoverable for injuries received by employee while doing work outside of scope of employment, see note in L. R. A., 1918F, 901.

Leonard v. Cranberry Furnace Co.

Case cited and distinguished: Mann v. Gastonbury Knitting Co., 90 Conn., 116; State ex rel. Duluth Brewing & Malting Co. v. District Court, 129 Minn., 176.

5. **MASTER AND SERVANT.** Compensation denied where servant voluntarily engages in work outside employment, involving added peril.

Compensation will be denied when employee voluntarily engages in work not only outside of employment but involving added element of peril which could not reasonably have been anticipated as applicable to work for which he was employed. (*Post, pp.* 356, 367.)

Cases cited and approved: Plumb v. Cobden Mills Co., 7 B. W. C. C., —; Johnson v. Marshall, A. C., 409.

Cases cited and distinguished: Smith v. Corson, 87 N. J. Law, 118; Reimers v. Proctor Pub. Co., 85 N. J. Law, 441; Hopley v. Pool, 8 B. W. C. C., 512; Griggs v. Steamships Gamecock, 6 B. W. C. C., 15.

6. **MASTER AND SERVANT.** Test of master's liability held one of contract rather than conduct.

Test of master's liability under Compensation Act is one of contract rather than conduct, and, if employee is within contemplation of contract, if he is doing that which by his contract is made his duty, then he is in course of his employment, however negligent his conduct. (*Post, p.* 358.)

---

*Headnotes 1. Workmen's Compensation Acts, section 144; 2. Workmen's Compensation Acts, sections 73, 77; 3. Workmen's Compensation Acts, section 34; 4. Workmen's Compensation Acts, section 63; 5. Workmen's Compensation Acts, section 72 (1926 Anno); 6. Workmen's Compensation Acts, sections 72 (1926 Anno), section 78.

---

FROM WASHINGTON.

---

Appeal from the Law Court of Washington County.— Hon. D. A. VINES, Judge.

GEORGE N. BARNES, for Leonard.

EPPS & EPPS, for Cranberry Furnace Co.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a judgment dismissing a petition for compensation for a fatal injury to an employee.

The deceased was employed as a laborer to shovel ore as unloaded from freight cars  having swinging floor doors, held in position, when loaded, by chains, through which doors the ore was dumped. The loosening of these supporting chains and dumping of the ore appears to have been a duty attended with more danger and calling for a higher degree of skill and experience than the work of shoveling, for which this employee had been specifically and solely engaged, and that this work was specially delegated to others; that, not only was he and his gang of fellow workers not employed to do this work, but that he and they were expressly forbidden to perform it. While no one witnessed the accident, it appears that he was struck by a heavy bar, or wrench, while attempting to use this instrument in loosening the fastenings of these car doors, without orders from, or the knowledge of, his employer, or, indeed, of others.

The trial judge, whose findings of fact, if supported by any material evidence, will not be here disturbed under the well-settled rule, found that "it was the duty of the tipple foreman to drop the bottoms of the cars of ore and no part of the duty of the deceased and men of like grade of employment;" that he and his colaborers "had been given positive instructions by said general labor foreman not to drop car bottoms and to have nothing to

do with that class of work;'' that they would be compensated for any loss of time because of any delay in the setting of the cars on the tipple or the dropping of the bottoms; ''that at the time of the injury to deceased he had voluntarily and against positive instructions given him stepped outside the scope of his employment and engaged in work which was no part of his duty or employment, and for which he was not employed, and work which was not required or expected of him, this being work for which the master or defendant had employed and assigned to more experienced and skillful men, the deceased thereby increasing the risk, responsibility, and hazard of the defendant company . . . without the knowledge or consent of the defendant, his employer.'' And the judgment concludes: ''The court is therefore of opinion that the deceased was not injured by an accident arising out of and in the course of his employment by the defendant, and it is accordingly so adjudged and decreed.''

Without questioning here his findings of fact, it is insisted that the judgment of the trial court was erroneous. On the facts found as above set forth, which are clearly established by the record, an award of compensation was properly denied.

The pertinent error assigned, and much of the argument of counsel, assumes that the judgment of the court is rested solely upon the theory of willful misconduct in the disobedience of an order or violation of a rule. We do not so understand it.

The case is not controlled altogether by section 10 of the act (Acts 1919, chapter 123) dealing with willful misconduct or intentional injuries, but also by the limitation contained in subsection (d) of section 2, restricting the

right of recovery to accidents "arising out of and in the course of employment."

In Corpus Juris, Advance Pamphlet on Workmen's Compensation Acts, at page 82, under the general head "In Course of Employment," subhead "Acts Outside of Duties," it is said:

"Where at the time of the injury the employee is engaged in a voluntary act not accepted by or known to his employer, and outside of the duties for which he is employed, the injury cannot be said to be in the course of the employment"—citing authorities.

And so—"If the accident is due to the man arrogating to himself duties which he was not called on to perform, and which he has no right to perform, then he was acting outside the sphere of his employment, and the injury by accident does not arise in the course of his employment." Honnold on Workmen's Compensation, p. 399.

And see numerous illustrations in note on page 403, Id.

In Ruling Case Law it is well said that—"An injury is received in the course of the employment when it comes while the workman is doing the duty which he is employed to perform." Section 89, vol. 28, page 797.

The facts of the present case do not call for a consideration of recognized exceptions based upon emergency, including protection or rescue work, specific instructions, or express or implied permission of the employer.

In this connection it is proper to observe that in applying the terms of the act under consideration it is peculiarly true that each case must be decided with special reference to its own facts. Indeed, it is said by eminent authority that "argument by analogy is valueless"

in this class of cases Lord LOREBURN, L. C., in *Kitchenham* v. *Steamships Johannesburg* (1911), A. C., 417, 4 B. W. C. C., 311. However, an analysis of numerous decisions suggests controlling principles upon which the properly determined cases may usually be distinguished.

While it is true that a reason underlying compensation legislation is the protection of the public from the burden incident to the support of those rendered dependent by accidental injuries, and that a liberal construction should be given all the terms of the act, it is also true that the liability imposed upon employers is subject to some fundamental limitations. Unrestricted hazard would be destructive of enterprise. It is essential that the injury to the employee which the law obligates the employer to compensate for be one that by the exercise of foresight the employer might have contemplated as a result of engaging in the business and contracting with his workmen. And, unless he may reasonably classify his hazards and select and instruct his workmen with due regard thereto, having in mind the greater or less skill and experience required under varying conditions, with assurance that his responsibility may be measured accordingly, his case would be desperate.

Thus it is said that—"It seems to be agreed that the words 'arising out of and in the course of his employment' do not make the employer an insurer against all the risks of the business, but include only those injuries arising from the risks of the business which are suffered while the employee is acting within the scope of his employment." 1 Honnold on Compensation, p. 326,

citing *Mann* v. *Glastonbury Knitting Co.*, 90 Conn., 116, 96 A., 368, L. R. A., 1916D, 86.

And this author says further: "The accident causing the injury must arise out of work or business being done for the master, either by direct or implied authority"—citing *State ex rel. Duluth Brewing & Malting Co.* v. *District Court*, 129 Minn., 176, 151 N. W., 912.

But he adds, and we emphasize: "The word 'employment' will not be given a narrow or restricted construction. It is not confined to actual work. It extends to all things which the contract of employment expressly or impliedly entitles the workman to do."

It was upon this principle that compensation was allowed in *Milne* v. *Sanders*, 143 Tenn., 602, 228 S. W., 702, which holding is in no sense in conflict with that in the instant case.

In the case at bar, as found by the trial judge, this principle was clearly and properly applied. The employer carefully classified his employees according to their skill and experience and the character of work they were employed to perform. He then fully instructed them as to their respective duties, and went further, and expressly prohibited the specific deviation therefrom which resulted fatally to this employee.

A principle here particularly applicable is well established that recovery will be denied when the employee voluntarily engages in work, not only outside of his employment, but involving an added element of peril, which could not reasonably have been anticipated as applicable to the work for which he had been employed. L. R. A. 1918F, p. 902, note, citing numerous cases.

In the leading English case of *Plumb* v. *Cobden Mills Co.,* 7 B. W. C. C., distinction is aptly drawn between prohibitions which limit the sphere of employment, and those which deal only with conduct within such sphere. A transgression of the former removes the employee from the sphere of his employment, and bars recovery, while a transgression of the latter leaves him still in the sphere or course of his employment and does not necessarily cut off the right of recovery. In the instant case the employee voluntarily and contrary to instructions removed himself from the sphere of his employment into another of greater danger, and thereby forfeited his right to compensation.

It is broadly stated, under the heading "Disobedience of Orders," in C. J. (Pamphlet, p. 86), that—"Where it appears that the accident occurred while the servant was in the doing of an act which he was expressly forbidden by his master to do, recovery cannot be had"— citing *Smith* v. *Corson,* 87 N. J. Law, 118, 93 A. 112; *Reimers* v. *Proctor Pub. Co.,* 85 N. J. Law, 441, 89 A. 931; *Hopley* v. *Pool,* 8 B. W. C. C., 512; *Griggs* v. *Steamships Gamecock,* 6 B. W. C. C., 15, and other cases.

But in a note on page 87 (C. J., pamphlet) Lord Loreburn, high English authority, is quoted as qualifying the foregoing statement, holding that, when the workman is within the scope of his employment, disobedience does not become "willful misconduct" if a mere disregard of an order; that it must be willful, deliberate, "not merely a thoughtless act on the spur of the moment," and this is our view. *Johnson* v. *Marshall,* A. C., 409, 8 W. C. C., 10, 5 Ann. Cas. 630.

Leonard v. Cranberry Furnace Co.

It may be said that the test is one of contract rather than of conduct. If the employee is within the contemplation of his contract, if he is doing that which by his contract, either expressly or by implication, is made his duty, then he is in the course of his employment, however negligent his conduct may be.

In view of the decision thus reached with respect to this particular issue we have not found it necessary to pass upon other questions raised and argued by counsel of notice and dependency of the petitioner.

The judgment must be affirmed.