CHEROKEE SAND CO. *v.* T. O. GREEN.*

(*Knoxville*. September Term, 1925.)

1. **MASTER AND SERVANT.** Compensation Act construed to accomplish purposes intended.

   Workmen's Compensation Act is to be given an equitable construction, with a view of accomplishing the purposes intended. (*Post, p.* 415.)

   Acts cited and construed: Acts 1919, ch. 123.

2. **MASTER AND SERVANT.** Compensation allowable for temporary total disability and for period of permanent partial disability.

   Workmen's Compensation Act, section 28, subds. (a) and (c), authorized compensation for temporary total disability from injury to the leg involving a partial loss of the member for period such disability existed, and modification of award to cover period of permanent partial disability which followed termination of total disability. (*Post, p.* 415.)

---

*Headnotes 1. Workmen's Compensation Act, C. J., Section 34; 2. Workmen's Compensation Act, C. J., Section 82.

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County.— HON. A. C. GRIMM, Judge.

LEE, PRICE & MEEK, for Cherokee Sand Co.

---

*On construction and effect of workmen's compensation acts generally, see notes in L. R. A., 1916A, 23; L. R. A., 1918D, 89.

STOOKSBURY & WINICK, for T. O. Green.

MR. JUSTICE COOK delivered the opinion of the Court.

This is a proceeding to enforce payment of compensaion under the Workmen's Compensation Act (Pub. Acts 1919, chapter 123), T. O. Green, an employee of the Cher-okee Sand Company, was injured July, 1923, by a fall of twenty feet into a pit.

The physicians testify that the fall broke both bones of the left leg two or more inches above the ankle. It appears from the testimony of one of the physicians that the ankle joints below the fracture were driven together by force of the fall and badly injured. Healing left ex-cessive callous at the fiber end of the connecting bones, which threw the joints out of alignment. Dr. Hodge states that amputation above the ankle would relieve this con-dition. The result was a partial permanent disability after disappearance of the temporary total disability caused by the injury.

The proof shows that thirty-six weeks after the in-jury Green was able to go about, but for that period he was totally disabled. Afterwards he was able to perform some labor, but the disappearance of the total disability left him partially permanently disabled.

Upon these facts the trial judge allowed $12 a week for thirty-six weeks, the period of the total disability, and afterwards continued the compensation at $3.90 a week for one hundred thirty-nine weeks for the per-manent partial disability remaining as a consequence of the injury after disappearance of the temporary total disability. The entire period of compensation was one hundred seventy-five weeks. For thirty-six weeks the

allowance was for total disability, and for one hundred thirty-nine weeks it was for permanent partial disability. The employer objected to the adjustment and has appealed.

It is insisted that the single injury to the leg involving a partial loss of the member does not entitle the injured employee to compensation for the temporary total disability, and, after its disappearance, leaving a permanent partial disability, to compensation for that. The temporary total and subsequent permanent partial disability did not result from concurrent disabilities. They flow from the same injury, which produced a single disability, at first total and reduced through healing to a permanent partial disability.

At the hearing Green had recovered from the total disability. The court was able to see from the evidence that he had recovered, and could determine the exact period of the total disability. With no means of ascertaining the period of its continuance, the court might have allowed compensation for the temporary total covering a period not exceeding three hundred weeks, under subdivision (a), section 28 of the Compensation Act, subject to modification under section 38 of the Act.

Section 28, subdivision (a), provides that for temporary total disabilities the employee shall receive fifty per centum of the average weekly wages subject to the maximum compensation of $12 a week. Under these provisions the allowance for thirty-six weeks was made. There is evidence to sustain it.

Subdivision (c) of section 28 provides that for permanent partial disability the compensation shall be based upon the extent of the disability.

The evidence shows that after recovery from the temporary total disability there existed a permanent partial disability of thirty-five per cent. in the use of the leg, caused by an adhesion at the ankle. This authorized the allowance of $3.90 a week for the permanent partial disability. The Act is to be given an equitable construction with a view of accomplishing the purposes intended.

The Act authorized compensation for the temporary total disability, covering the period it existed, and the modification afterwards to cover the period of permanent partial disability.

We find no error. Affirmed.