MR. AND MRS. J. A. HENDRIX v. FRANKLIN STATE BANK
AND THE TRAVELERS' INSURANCE COMPANY.*

(*Knoxville*. September Term, 1926.)

Opinion filed November 20, 1926.

1. WORKMEN'S COMPENSATION ACT. Liability for disability
or death.

Chapter 123, section 1-d, (Acts 1919, ch. 123), confines the compensation for disability or death of the employee to "injury by accident arising out of the course of employment." (Post, p. 289.)

Citing: Acts 1919, ch. 123, sec. 1-d.

2. SAME. Same. Construction of Statute.

"Arising out of, in course of employment" are not synonymous. The term, "arising out of employment" refers to the origin of the cause of the injury, while "in course of employment" refers to the time, place and circumstances." (Post, p. 289.)

Citing: Workmen's Compensation Act, Acts 1919, ch. 123.

3. SAME. Same. Injury from unrelated act.

Where an injury resulted from an unrelated act, there being no causal relation between the employment and the injury; as the carrying, in an automobile, a shot gun to be returned, borrowed for personal use, causing the injury, while having at same time possession of funds collected as cashier to be transported and deposited to the credit of others in a bank, held, injury did not arise out of the employment. (Post, p. 290.)

Citing: Connell v. Daniels Co., 7 A. L. R., 1304; Leonard v. Cranberry Furnace Co., 150 Tenn., 351.

*Headnote 1. Workmen's Compensation Acts, C. J., section 65.

FROM CARTER.

Appeal from Circuit Court of Carter County.—HON. D. A. VINES, Judge.

FRANTZ, McCONNELL & SEYMOUR and COX & TAYLOR, for plaintiff in error.

SELLS, SIMMONDS & BOWMAN, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

This is an appeal from an award under the Workmen's Compensation Act for the death of Clyde W. Hendrix. It is urged through assignments of error that his death did not result from an accident arising out of and in course of the employment.

The trial judge found "that Clyde Hendrix was employed by the defendant, Franklin State Bank, as cashier in Johnson City, Tennessee, but said Bank advertised in the town of Milligan College, Tennessee, which is about four miles from Johnson City, Tennessee, that Clyde Hendrix resided at Milligan College, Tennessee, and transacted the business of said Bank at the home of the petitioners with whom he lived; that he received deposits from persons living at Milligan College, Tennessee, and made entries in their Bank books showing said deposits; that when he was in Milligan College, Tennessee, he was actually engaged in the discharge of his duties as cashier of said Franklin State Bank, and said Franklin State Bank advertised and held out to said community that the said Clyde Hendrix would do business in Milligan College for said Bank; that on November 12, 1925, said Clyde Hendrix was killed by the discharge of a shot gun in the garage of

the petitioners in Milligan College, Tennessee, and when said accident happened he was actually engaged in the transmission of funds received by him for deposit in said Franklin State Bank.''

In addition to these facts other undisputed facts in record are that Clyde W. Hendrix borrowed a shot gun from Dana Love of Johnson City, in the afternoon of November 10th, for his personal use on Armistice day, November 11th; and that he used the gun at his home at Milligan College shooting at a target on the day of the 11th, and was killed by its accidental discharge on the morning of November 12th when he was about to leave his home in an automobile for his work in the bank at Johnson City.

This evidence does not show, nor does it authorize the inference, that the gun was borrowed for use, or that it was being used to protect deposits of the bank or to protect the money of the bank in course of transportation from Milligan College. The evidence sustains the conclusion that the gun was borrowed for personal use of the employee, and was so used on the intervening holiday between the evening of the loan and the morning of the injury, when he had on his person between $40 and $50 which he had received for deposit and was carrying to the bank.

Chapter 123, section 1-d, of the Act confines the compensation for disability or death of the employee to ''injury by accident arising out of and in the course of employment.'' Arising out of ''and in the course of'' employment are not synonymous. The term arising out of employment refers to the origin of the cause of the injury while in the course of employment refers to the

time, place and circumstance under which the injury occurred.

In this instance the employee was about to leave his place of residence, four miles from the bank, carrying a small deposit which had been accepted for the bank in course of his employment, and time, place and circumstances bring him within the course of his employment, but while thus situated his death resulted from an unrelated act, an act that had no origin in the nature of the employment. There was no causal relation between the employment and the injury.

"An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Connell* v. *Daniels Co.,* ·7 A. L. R., 1304."

The Act of the employee in carrying a shot gun borrowed for personal use to be returned to the lender, was wholly disassociated from the duties of a cashier of a bank. In this connection the reasoning of *Leonard* v. *Cranberry Furnace Co.,* 150 Tenn., 351, is controlling.

"While it is true that a reason underlying compensation legislation is the protection of the public from the burden incident to the support of those rendered dependent by accidental injuries, and that a liberal construction should be given all the terms of the act, it is also true that the liability imposed upon employers is subject to some fundamental limitations. . . . It is essential that the injury to the employee which the law obligates the employer to compensate for be one that by the exer-

cise of foresight the employer might have contemplated as a result of engaging in the business and contracting with his workmen.''

Because the injury did not arise out of the employment, the judgment of the trial court must be reversed.