EARLY STRATTON COMPANY *et al.* v. MARY ROLLISON.*

(*Nashville.* December Term, 1927.)

Opinion filed, December 17, 1927.

1. WORKMEN'S COMPENSATION. INJURY ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT.

Where it appears that the injured employee, a truck driver, and a shipping clerk of the employer who had charge of the truck drivers had an altercation about the work done by the truck driver, and called in another whose duty it was to keep the trucks in order, and such other employee fired a shot which killed the truck driver, the death of the deceased was an accident arising out of and in the course of the employment. (Post, p. 258.)

2. WORKMEN'S COMPENSATION. ACCIDENT ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT. STATUTE CONSTRUED.

The term "arising out of the employment" refers to the origin of the cause of the injury, while "in the course of employment" refers to the time, place and circumstances under which the injury occurred. (Post, p. 260.)

Citing: Hendrix v. Franklin State Bank, 154 Tenn. (1 Smith), 287.

3. WORKMEN'S COMPENSATION. INJURY BY ACCIDENT ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT. ASSAULT.

An injury which is the result of willful or criminal assault of another does not prevent the injury from being accidental. (Post, p. 260.)

Citing: McNicol's Case, L. R. A., 1916 A, 309, and note (215 Mass., 497, 102 N. E., 697, 4 N. C. C. A., 552); L. R. A., 1917D, 112, note; Western Indemnity Co. v. Pillsbury, 170 Cal., 686, 151 Pac., 398,

10 N. C. C. A., 1; Western Metal Supply Co. v. Pillsbury, 172 Cal., 407, 156 Pac., 491, Anno. Cas., 1917E, 390; Heitz v. Ruppert, 218 N. Y., 148, 112 N. E. 750; Von Ette's Case, 223 Mass., 56, L. R. A., 1916D, 641, 111 N. E., 696, 12 N. C. C. A., 551; Willis v. Pilot Butte Min. Co., 58 Mont., 26, 190 Pac., 124; 1 C. J., 390; Stasmas v. Rock Island Coal Min. Co., 80 Okla., 221, 195 Pac., 762, 15 A. L. R., 576; Acts of 1919, chap. 123, sec, 1, sub-sec. (d).

4. **WORKMEN'S COMPENSATION. INJURY ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT.**

Although an act causing an injury to an employee may be an event not expected or designed by the workman himself but may have been designed by another, if injury results therefrom it is compensable if the event arose out of and in the course of employment. (Post, p. 260.)

Citing: Union Casualty Co. v. Harroll, 98 Tenn., 590; Insurance Co. v. Bennett, 90 Tenn. (6 Pick.), 256.

5. **WORKMEN'S COMPENSATION. INJURY ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT.**

An act is compensable if arising out of and in the course of employment, even though it is unprecedented. (Post, p. 262.)

Citing: Leonard v. Cranberry Furnace Co., 150 Tenn. (23 Thomp.), 346.

6. **WORKMEN'S COMPENSATION. AUTHORITY OF SUPERIOR SERVANT OVER AN INFERIOR SERVANT. ACCIDENT ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT. PERSONAL DIFFERENCES.**

Where an employer puts one servant in authority over others it can reasonably be contemplated that differences and personal difficulties may be incidental to the exercise of such authority, and if in an effort to enforce the authority in the interest of the employer's business, the superior servant brings on a difficulty with the servant under his control, and either servant is injured, such injury arises out of the employment of the injured servant. (Post, p. 262.)

Citing: Cranney's Case, 232 Mass., 149, 122 N. E., 266, 15 A. L. R., 584; Polar Ice & Fuel Co. v. Mulray, 67 Ind. App., 270, 119 N. E., 149; In re Slane, 165 N. Y. Supp., 1112; Stertz v. Industrial Ins. 156 Tenn.—17.

Commission, 91 Wash., 588, 158 Pac., 256, Ann. Cas., 1918B, 354; Heitz v. Ruppert, 218 N. Y., 148, 112 N. E., 750, L. R. A, 1917A, 344; Little v. Atlas Drop Forge Co., 221 Mich., 604; Taylor Coal Co. v. Industrial Commission, 301 Ill., 548; Zygmuntowicz v. American Steel & Wire Co. (Mass.), 134 N. E., 358; Ganderain v. Sterling Sugar & R. Co. (La.), 91 So., 546, and see notes; 15 A. L. R., 592; 21 A. L. R., 759; 29 A. L. R., 440.

7. **WORKMEN'S COMPENSATION. INJURY ARISING OUT OF EMPLOYMENT.**

Where it appears that the servant was killed by the discharge of a gun borrowed for personal use which he was carrying, and which was not carried to protect the interest of the employer, the accident did not arise out of the employment of the deceased. (Post, p. 264.)

Citing: Hendrix v. Franklin State Bank, 154 Tenn., (1 Smith), 287.

---

*Headnotes 1. Workmen's Compensation Acts, C. J., section 71; 2. Workmen's Compensation Acts, C. J., section 54; 3. Workmen's Compensation Acts, C. J., section 74.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County.— HON. A. B. PITTMAN, Judge.

FITZHUGH & FITZHUGH, for Early-Stratton Co.

BUCHANAN & CAVETT, for Rollison.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a compensation case in which there was a judgment below in favor of the widow of the deceased employee. The employer has appealed in error.

(1) Henderson Rollison was a negro truck driver in the service of the plaintiff in error. McLaughlin, a white

man, was shipping clerk for plaintiff in error and as such had charge of all the truck drivers making city deliveries. On the morning he was killed the deceased returned from making a delivery and was charged by McLaughlin with wasting time on the trip. During the argument which followed, McLaughlin called deceased a damn liar, took him by the collar, and stated he was going to carry deceased to Mr. Stratton, the President of the company. Deceased broke away from McLaughlin and said "you aint going to take me no where, I am a man just like you." McLaughlin then called to another employee of plaintiff in error, named Lem Whitby, who was sitting near McLaughlin's desk just inside the office which opened on to a platform upon which the controversy was taking place. In response to McLaughlin's call "come here Lem," Whitby came out the office door. Just as he came out McLaughlin undertook to strike deceased with his fist. Although the blow seems to have missed deceased, the latter, in dodging, fell to the floor of the platform. As deceased got up, Whitby shot him with a pistol, inflicting a fatal wound.

Whitby was a mechanic in the employ of plaintiff in error and his duties were to keep the trucks in order and to look after the garage. The garage was located across the street from the office and Whitby had no authority over the truck drivers nor did Whitby's duties require his presence in McLaughlin's office.

The proof does not indicate that there was any previous bad feeling between McLaughlin and deceased or between Whitby and deceased. All of these employees appear to have been peaceable men and to have gotten along before this difficulty without any friction. The

employer had no reason to expect that trouble would arise among them.

Upon the facts stated, the trial Judge, as before noted, held that the death of the deceased was an accident arising out of and in the course of his employment, for which compensation was payable to his dependent widow. We are of opinion that the Court below reached the right conclusion. *(2)* "*Arising out of* and *in the course of employment* are not synonymous. The term arising out of employment refers to the origin of the cause of the injury, while in the course of employment refers to the time, place and circumstances under which the injury occurred." *Hendrix* v. *Franklin State Bank*, 154 Tenn., 287.

*(3)* Under Chapter 123, Acts of 1919, Section 1, subsection (d), compensation is payable for an "injury by accident arising out of and in the course of employment."

"It is now well settled in these workmen's compensation cases that the fact that an injury is the result of the wilful or criminal assault of another does not prevent the injury from being accidental. *McNicol's Case*, L. R. A., 1916A, 309, and note (215 Mass., 497, 102 N. E., 697, 4 N. C. C. A., 522).; L. R. A., 1917D, 112, note; *Western Indemnity Co.* v. *Pillsbury,* 170 Cal., 686, 151 Pac., 398, 10 N. C. C. A., 1; *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal., 407, 156 Pac., 491, Anno. Cas., 1917E, 390; *Heitz* v. *Ruppert,* 218 N. Y., 148, 112 N. E., 750; *Von Ette's Case,* 223 Mass., 56, L. R. A. 1916D, 641, 111 N. E., 696, 12 N. C. C. A., 551; *Willis* v. *Pilot Butte Min. Co.,* 58 Mont., 26, 190 Pac., 124; 1 C. J., 390, and cases cited." *Stasmas* v. *Rock Island Coal Min. Co.,* 80 Okla., 221, 195 Pac., 762, 15 A. L. R., 576.

*(4)* Under the Compensation Statutes, as construed in the foregoing cases, an accident may be an event not

expected or designed by the workman himself, although it may have been designed by another. If injury results from such an event to the workman, it is compensable, provided the event arose out of and in the course of employment. This interpretation of the term accident is in strict analogy to the meaning given to the term by this Court in construing accident insurance policies. *Union Casualty Co.* v. *Harroll,* 98 Tenn., 590; *Insurance Co.* v. *Bennett,* 90 Tenn., 256.

Clearly, the deceased was killed in the course of his employment. He had been out on one trip, had returned and loaded his truck again, and had gone to the office to get his book to start on another trip when he was shot.

Moreover, we think it quite clear that the killing of deceased arose out of his employment. The shipping clerk, McLaughlin, was in charge of the truck drivers of the plaintiff in error. In the exercise of authority committed to him, and in furtherance of the employer's business, McLaughlin undertook to rebuke the deceased for delay on a delivery, and by way of having the deceased further reprimanded, McLaughlin attempted to take the deceased before the President of the company. Deceased resisted this effort of McLaughlin and McLaughlin called Whitby to his aid and coming to the aid of McLaughlin, Whitby killed the negro.

If in the effort to carry the deceased before the President of the company to be reprimanded about neglect of the company's business, McLaughlin had injured or killed the deceased himself, it could scarcely be argued that the incident did not arise out of the deceased's employment. We do not see that the case is altered by reason of the circumstance that deceased was killed by a third party whom McLaughlin had called to help in dealing with the

deceased. And it seems immaterial in what capacity this third person was employed by plaintiff in error, or whether he was employed by plaintiff in error at all, since he was acting at the behest of the shipping clerk.

(5) In *Leonard* v. *Cranberry Furnace Co.*, 150 Tenn., 346, the Court said that "it is essential that the injury to the employee which the law obligates the employer to compensate for, be one that by the exercise of foresight the employer might have contemplated as a result of engaging in the business and contracting with his workmen." This observation is pressed upon us in support of an argument that no liability should attach herein as the officers of plaintiff in error had no reason to anticipate such an occurrence as the killing of this employee in the manner it was done. The language quoted was used in a case where the employee was entirely out of "the course of his employment" and working at a thing he was forbidden to undertake under the employer's rules. The master could not have contemplated that such employee would leave his duties and undertake prohibited work, and compensation for injuries received by an employee so departing from "the course of his employment" was not assumed in the master's contract of employment. The Court did not mean to say in the case referred to that an accident is not compensable merely because it is unprecedented.

(6) But if the test urged by counsel for plaintiff in error be accepted, nevertheless we think there is liability under the Compensation Act. Whenever an employer puts one servant in authority over others, it can be reasonably contemplated that differences and personal difficulties may be incidental to the exercise of such authority. If in an effort to enforce the authority given, in the interest of the employer's business, the superior servant

brings on a difficulty with the servant under his control and the superior servant or the inferior servant is injured in the difficulty, we think such injury arises out of the employment of the injured servant. This must be true in a case where there was no personal ill-will between the two servants and the whole trouble arose and the injuries followed out of the exercise of authority of the superior servant in furtherance of the employer's business.

The conclusion stated is sustained by many well considered cases, reaching the same result, some of them, by a slightly different process of reasoning. *Cranney's Case,* 232 Mass., 149, 122 N. E., 266, 15 A. L. R., 584; *Polar Ice & Fuel Co.* v. *Mulray,* 67 Ind. App., 270, 119 N. E., 149; *In re Slane,* 165 N. Y. Supp., 1112; *Stertz* v. *Industrial Ins. Commission,* 91 Wash., 588, 158 Pac., 256, Anno. Cas., 1918B, 354; *Heitz* v. *Ruppert,* 218 N. Y., 148, 112 N. E., 750; L. R. A. 1917A, 344; *Little* v. *Atlas Drop Forge Co.,* 221 Mich., 604; *Taylor Coal Co.* v. *Industrial Commission,* 301 Ill., 548; *Zygmuntowicz* v. *American Steel & Wire Co.* (Mass.), 134 N. E., 358; *Ganderain* v. *Sterling Sugar & R. Co.* (La.), 91 So., 546, and see notes; 15 A. L. R., 592; 21 A. L. R., 759; 29 A. L. R., 440.

Some cases which do not at first glance appear to be in accord with the foregoing have been called to our attention, but we believe that the most of them might be differentiated on their facts. We think there is nothing in previous decisions of this Court out of harmony with what we have heretofore said. *Milne* v. *Sanders,* 143 Tenn., 602, is a discussion of the particular facts there presented to determine whether the killing of the employee was related to the employment and whether the deceased was killed in the course of his employment.

*(7)* In *Hendrix* v. *Franklin State Bank,* 154 Tenn., 287, the deceased was killed in the course of his employment, while transporting a deposit to his employer, but was killed by the discharge of a gun borrowed for personal use the day before, which he was returning. The gun was not carried to protect the deposit or carried in the interest of the employer at all, and hence the accident was held not to arise out of the employment of the deceased.

The judgment of the trial Court is affirmed.