Mattie McConnell *v.* Lancaster Brothers.

(*Knoxville.* September Term, 1931.)

Opinion filed October 10, 1931.

Thomas Crutchfield for plaintiff in error.

Silas Williams for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

This is a suit for compensation for the death of Monroe McConnell, an employe of the defendants, Lancaster Brothers. Compensation was denied by the circuit judge, on the ground that the accidental death of the employe did not arise out of his employment. To review this action the appeal is prosecuted by petitioner, widow of the deceased employe.

There is no conflict in the evidence. McConnell was sent to the near-by business house of the Byrd Motor Company, to borrow a tool for his employer. While engaged in this errand, one Carter, who had no interest in or connection with the errand of McConnell, engaged him in conversation, which ended when McConnell slapped him. A third party intervened and there was then no further trouble. McConnell told the third party that "he had told Carter to stop checking at him when he came up there, that he came up to do his work and not to play." During the same day Carter came to the place where McConnell worked and inquired for him, and there said that McConnell had slapped him because he "asked him something about where he bought his automobile."

On the following day, when McConnell was again sent to borrow the same tool for his employer, Carter sud-

denly confronted him and shot him down without warning, causing his death some days later.

The judgment of the trial court recites as the finding of that court that the difficulty between McConnell and Carter "was not the result of any conversation regarding the errand upon which petitioner's husband had been sent to the Byrd Motor Company, but was entirely personal to the two men and in no way connected with petitioner's husband's errand or employment."

The evidence above detailed supports this finding of the trial court, and the evidence wholly fails to support an inference that Carter, on the day of the first difficulty, said or did anything to interfere with or prevent McConnell's performance of the errand on which he had come to the Byrd Motor Company.

"The term 'arising out of employment' refers to the origin of the cause of the injury." *Hendrix* v. *Franklin State, Bank,* 154 Tenn., 287; *Stratton Co.* v. *Rollison,* 156 Tenn., 256. The accidental death of McConnell had its origin in a conversation between him and Carter, and a blow struck by McConnell, wholly disconnected with the business of the latter's employer.

In *Stratton Co.* v. *Rollison, supra,* wherein an injury inflicted by the wilful assault of a fellow employe was held compensable, this Court placed emphasis upon the fact that "there was no personal ill-will between the two servants and the whole trouble arose and the injuries followed out of the exercise of authority of the superior servant in furtherance of the employer's business." And in *Chamber of Commerce* v. *Turner,* 158 Tenn., 323, the injured employe was awarded compensation because the assault upon him was induced by and the result of his own action in asserting the authority of his employment. In the case now before us there

is nothing to establish connection between the employ-
ment and the difficulty except that the difficulty occurred
at a time and place when and where McConnell was at
work. But the provocation for McConnell's blow was
purely personal to him and did not concern his employ-
ment, and therefore did not arise out of the employment.
The homicide which occurred on the following day was
the result of this difficulty of a purely personal nature,
and likewise did not have its origin in anything con-
nected with McConnell's employment. The injury so re-
ceived was not one for which the employer is required to
pay compensation, and the judgment of the trial court,
dismissing the suit, is affirmed.