## FORBESS v. STARNES et al.

*(Nashville, December Term, 1935.)*

Opinion filed January 25, 1936.

H. R. BOYD and MILTON WILLIAMS, both of Memphis, for plaintiff in error.

E. B. KLEWER, of Memphis, and SANFORD & TIPTON, of Covington, for defendants in error.

Mr. Special Justice Davis delivered the opinion of the Court.

This is a workmen's compensation case, under which the trial court made a statutory award in favor of the surviving widow of Barney Forbess, employee of the defendant. Petitioner has appealed from the court's order denying her interest and 25 per cent penalty on the recovery, while the defendants have appealed from the award made against them.

The employee was a night watchman at a sawmill operated by defendants. The trial court made a written finding of facts. Omitting the finding as to the employment by defendants, the facts so found by the trial court are as follows: "That on the morning of said killing, the mill operated by said Starnes Brothers Lumber Company was about to start up after a shut down; that J. W. Gwartney was a sawyer and foreman of the mill; that said Gwartney, the foreman, ordered the said Barney Forbess to oil up, and that the mill would start up about nine o'clock that morning; that Gwartney had ordered Rube Jones, a negro, to bring some wood; that the said O'Bryan was off duty at the time and in a room which he occupied as living quarters; that several other employees, including Grover Forbess, Rosco Forbess, and Casey Forbess, were about the mill waiting for the mill to start up when they would go to work; that about 7:30 A. M. the said Barney Forbess told Grover Forbess to ask O|'Bryan where the oil can was; that Grover Forbess, in pursuance of this direction, asked the said O'Bryan if he knew where the oil can was; that O'Bryan said to Grover Forbess, 'Keep your God damn oil can where it belongs and you will find it;' that Barney Forbess said,

'Dry up, you old son of a bitch;' that Charlie O'Bryan came out of his living quarters and went into the file room where Barney Forbess was and struck the said Barney Forbess several times with a walking stick; that Barney Forbess secured a green stick or club and beat O'Bryan on the head with it and then threw O'Bryan down and fell on top of him; that said Gwartney ordered Barney Forbess to let O'Bryan up, which he did; O'Bryan then went back to his living quarters, secured a pistol and that he shot and killed the deceased with the same. At the time of the killing O'Bryan was about seventy-two years old, was crippled and walked with a stick. Barney Forbess was about forty-seven years old.''

These facts are supported by material evidence.

It will be observed that there existed between deceased and his assailant no relation of superior and inferior employees. The deceased was a sawyer; his assailant a night watchman. Neither had the right of supervision over the work of the other. O'Bryan was off duty when the difficulty arose. No causal connection appears between the personal difficulty of these employees and the duties which the deceased was employed to perform for defendants. We are unable to see that the assault, which resulted in the death of Forbess, arose out of the risk of his employment or had any relation whatever to the duties of the employment. The assault was the result of the ill will existing between the participants and over the epithet which the deceased applied to O'Bryan. And the conversation out of which the offensive language grew had no connection with any effort of the deceased to protect the property of his employer. The conversation was wholly personal between Forbess and O'Bryan. The employer could not control or prevent such conversation

and is not responsible for the hot blood aroused between these employees as the result of their personal conversation, and is not liable for the death of the employee, resulting from the anger and ill will engendered by the language used.

This result is not in conflict with any former decision in this court. In *Early-Stratton Co.* v. *Rollison,* 156 Tenn., 256, 300 S. W., 569, where an award was upheld, the deceased and his assailant both were on duty and in the discharge of the work which they were employed to do; one was the superior of the other; the superior was attempting to take the deceased before the president of the company, to be reprimanded, when the assault was committed; the award was on the theory that the attempted act was in furtherance of the employer's business.

*In Chamber of Commerce* v. *Turner,* 158 Tenn., 323, 13 S. W. (2d), 318, an employee was assaulted who was attempting to retrieve the property of his employer, and it was considered that this was in furtherance of the master's business.

This court has said that generally, when an employee is intentionally injured by a fellow servant, there is no liability. *Milne* v. *Sanders,* 143 Tenn., 602, 228 S. W., 702.

In *McConnell* v. *Lancaster Bros.,* 163 Tenn., 194, 42 S. W. (2d) 206, when an employee had been sent to borrow a tool for his master, and while on such mission was shot and killed as the result of a personal difficulty, the death did not have its origin with anything connected with the employment and did not arise out of the employment.

In *Porter* v. *Travelers' Ins. Co.,* 163 Tenn., 526, 43 S.

W. (2d), 1066, although the employee had his employer's money in his pocket, which he had collected for ice delivered for the master, when the employee was in a crowd which was held up for robbery, and shot and killed, this court held that there was no causal relation between the employment and the accident.

Other cases in line with the view we take will be found in *Chicago* v. *Industrial Commission,* 292 Ill., 406, 127 N. E., 49, 15 A. L. R., 586, and *Boek* v. *Wong Hing,* 180 Minn., 470, 231 N. W., 233, 72 A. L. R., 108, 110.

We think the death of Forbess did not arise out of his employment nor was there a causal relation between his employment and death. His death resulted solely from the animosity and ill will between himself and O'Bryan, and the assault was intentionally made for motives of vengeance.

It results that the trial court was in error in making an award. Reversed and dismissed.