Thornton *v.* RCA Service Co., Inc., *et al.*

(*Knoxville*, September Term, 1948.)

(May Session, 1949.)

Opinion filed July 2, 1949.

Hodges & Doughty and R. T. Mann, Knoxville, for plaintiff in error.

Jennings, O'Niel & Jarvis, Knoxville, for defendants in error.

Mr. Justice Tomlinson delivered the opinion of Court.

The question here is whether the injury received by Thorton arose out of and in the course of his employment by RCA Service Company and, therefore, compensable under our Workmen's Compensation Act. Code, Section 6851 et seq. Thornton's petition seeking compensation relates the origin, time, place and circumstances under which the injury occurred. The employer demurred to this petition on the theory that the facts alleged do not bring the case within the Act. The Circuit Judge took that view of the matter, sustained the demurrer and dismissed the petition. Thornton has appealed.

According to the allegations of the petition, Thornton's employment by RCA necessitated travel by him from one job and town to another job and town. On the occasion in question, he was driving from Norris to Knoxville where he was to do certain work. The lunch hour arrived during the course of his journey, so he stopped at a

restaurant of his choice along the way. While he was seated at a table in this restaurant awaiting the food which he had ordered, a stranger who was insane, or drunk "or otherwise irresponsible" made an entirely unexpected, unprovoked and violent attack upon him, and inflicted the injury for which he here seeks workmen's compensation. His insistence is that this is an injury arising out of and in the course of his employment.

■ ■ Consideration of the question may be started with recognition of the fact that Thornton would not have been in that particular restaurant on this occasion if he had not been traveling from Norris to Knoxville for the purpose of performing the duties of his employment. This, however, is not sufficient. The injury must arise "out of" the employment as well as "in the course of" employment. *Hendrix* v. *Franklin State Bank*, 154 Tenn. 287, 290 S. W. 30. The mere presence at the place of injury because of employment will not result in the injury being considered as arising out of the employment. *Scott* v. *Shinn*, 171 Tenn. 478, 483, 105 S. W. (2d) 103.

The thorough briefs refer to some of our cases and some from other jurisdictions wherein the injury resulted from an act other than an assault upon the employee. However, in our own reports are a number of decisions deciding when such an assault entitles the employee to workmen's compensation. Since these cases are exactly in point, thus controlling here, nothing directly beneficial will result from a discussion of cases wherein the injurious act was not an assault.

■ *In Chamber of Commerce* v. *Turner,* 158 Tenn. 323, 325, 13 S. W. (2d) 318, *United States Fidelity & Guaranty Co.* v. *Barnes,* 182 Tenn. 400, 187 S. W. (2d)

610, *Whaley* v. *Patent Button Co.*, 184 Tenn. 700, 202 S. W. (2d) 649, this Court held that the injury received by the employee as a result of the assault was compensable because there was in each of these cases a causal connection between the employment and the assault. There is no similarity between the facts of any of these cases and the one at bar. They are pertinent here only by way of illustration of the rule that the injury is held to be one arising out of the employment, hence compensable, if a causal connection appears between the employment and the assault, or the assault was a risk peculiarly incident to the particular employment.

On the other hand, this Court has consistently held that where there was no causal connection between the employment and the assault or the assault was not the result of a risk incident to the particular employment, then the assault did not arise out of the employment and was not compensable.

In *McConnell* v. *Lancaster Brothers*, 163 Tenn. 194, 42 S. W. (2d) 206, the employee was killed in the course of his employment by reason of a personal argument with his assailant. His death was held not to be compensable because there was no connection between the employment and the difficulty except that it occurred "at a time and place when and where McConnell [the employee] was at work."

In *Porter* v. *Travelers' Insurance Co.*, 163 Tenn. 526, 43 S. W. (2d) 1066, it was the duty of the employee, Porter, to put his employer's team in the barn at the close of his day's work in delivering ice, and then to take the ice money he had collected that day to the office of his employer. While performing these duties at the time and place required he inadvertently, and without

fault, came upon a group of Negroes who were being robbed by another Negro. Seeing Porter, the robber included him in the group and demanded his money. Then in shooting at another darky, he hit and killed Porter. Porter's death was held not compensable, this Court saying, 163 Tenn. at pages 530-531, 43 S. W. (2d) at page 1067:

"We are unable here to see any relation of cause and effect between the nature of Porter's work and the assault made upon him. We are unable to ascribe the assault to a hazard of the particular service required of Porter by his employer. . . .

"The most that can be said here, however, is that Peebles was undertaking to hold up a crowd in which a collector of the ice company was included. This employee met his death, not because he was a collector of the ice company, but because he was numbered in the crowd."

In *Forbess* v. *Starnes et al.*, 169 Tenn. 594, 89 S. W. (2d) 886, Forbess was properly on the premises of his employer and directed by his foreman to oil the mill. Forbess inquired of another employee, O'Bryan, as to the whereabouts of the oil can. He received a very discourteous reply and retaliated by cursing O'Bryan. They had a fight in which O'Bryan got the worst of it. He immediately got his pistol out of a nearby shack on the premises and killed Forbess. Neither Forbess nor O'Bryan had any authority over the other. This Court refused a recovery and stated its reason as follows:

"No causal connection appears between the personal difficulty of these employees and the duties which the deceased was employed to perform for defendants. We are unable to see that the assault, which resulted in the death of Forbess, arose out of the risk of his em-

ployment or had any relation whatever to the duties of the employment. The assault was the result of the ill will existing between the participants and over the epithet which the deceased applied to O'Bryan. And the conversation out of which the offensive language grew had no connection with any effort of the deceased to protect the property of his employer.''

In *Scott* v. *Shinn,* 171 Tenn. 478, 105 S. W. (2d) 103, the employee, Scott, went into a restaurant pursuant to his duty to deliver soft drinks. While in the course of performing this duty there a Negro came in the restaurant for the purpose of robbery and killed Scott without knowledge as to who he was. In holding this injury and death not compensable this Court said, 171 Tenn. at page 484, 105 S. W. (2d) at page 105:

''We are unable to see any causal connection between the nature of Scott's employment and his injury. Walking in on a holdup cannot be said to have been a peculiar danger to which his work exposed him.''

These cases seem to be conclusive against the contention of Mr. Thornton. In each of them compensation was refused because the assault did not arise out of any risk peculiar to the employment of the party assaulted, and was not made because of the employment, or identity of his employer. Thorton's situation was the same. He was not subjected to any more or different risk from that of any other member of the public who happened to be in this restaurant at that time. The fact is that a man who was either crazy, or drunk or otherwise irresponsible, just happened to select Thornton from those present as the person upon whom he would make the assault. He did not know Thornton, was not aware that Thornton worked for RCA or what

the nature of his business was, and did not care.  There was no causal connection between the nature of Thornton's employment and this assault.

It is true that this Court is properly committed to a liberal construction of the Workmen's Compensation Act in favor of the employee.  However, to hold that this assault upon Thornton is compensable would seem to amount to a subjection of the employer to unrestricted hazard,—a result not intended by the Workmen's Compensation Act.  *Leonard* v. *Cranberry Furnace Co.,* 150 Tenn. 346, 265 S. W. 543.

Thornton seeks to draw a distinction between an assault made by a mentally irresponsible person and one by a person mentally responsible.  The mental condition of the assailant has nothing to do with the presence or absence of causal connection between the employment and the assault, insofar as we can discern.  Hence, in our opinion, the distinction is irrelevant.  To recognize such distinction would amount to nothing less than subjecting employers to the role of insurers against all accidents to employees which might occur in the course of employment.

On authority of the cases to which we have referred and discussed, and on principle, we must conclude that this assault did not arise out of Thornton's employment; hence, not compensable.

Judgment affirmed with costs of the appeal adjudged against Thornton.

All concur.