TURNER *v.* BLUFF CITY LUMBER Co. *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed February 10, 1950.

ROBERT M. NELSON and FERBER FLOYD, of Memphis, for plaintiff in error.

HARSH, PIERCE, COCHRAN & RICKEY and WILLIAM W. O'HEARN, of Memphis, for defendant in error, Porter Turner.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a Workmen's compensation case, and, as stated in the brief filed by counsel for defendants, the only material question is whether or not petitioner's injury arose out of his employment.

It appears from the record that on July 13, 1948, petitioner, Porter Turner, sustained injuries to the second finger of his left hand during the course of an argument with a fellow employee, Willie Burke Jones, of the City Lumber Company, while in the performance of his duties as such employee. It further appears that petitioner received said injuries from a blow struck by the said Willie Burke Jones, who testified that when he struck petitioner he (petitioner) did not make any attempt to strike him.

Defendants rely on the cases of *Forbess* v. *Starnes et al.,* 169 Tenn. 594, 89 S. W. 2d 886, and *Kinkead* v. *Holliston Mills,* 170 Tenn. 684, 98 S. W. 2d 1006. In the Forbess case, *supra,* O'Bryan, who killed deceased, was off duty at the time of the killing. O'Bryan's duties were those of a night watchman. The assault took place in the daytime when O'Bryan was not under the control of his employer. The conversation was not about a matter in which they were acting in concert for the employer, as in

the instant case. In the fight which preceded the killing, Barney Forbess, the deceased, was ordered by the foreman of the employer to let O'Bryan up after he had thrown him down. In the course of its opinion, this Court said: "We are unable to see that the assault, which resulted in the death of Forbess, arose out of the risk of his employment or had any relation whatever to the duties of the employment." 169 Tenn. at page 596, 89 S. W. 2d at page 886.

In *Kinkead* v. *Holliston Hills, supra,* Kinkead, the deceased, went off duty as Sanders, the assailant, came on. Kinkead was the aggressor and challenged Sanders to fight, and Kinkead struck the first blow. In the instant case, the petitioner and Jones were working together. The record shows that petitioner made no attempt to strike Jones, but that the latter, without sufficient legal cause, struck the blow for which compensation is sought.

Section 6901 of Williams' Code provides: "The rule of common law requiring strict construction of statutes in derogation of common law shall not be applicable to the provisions of this chapter, but the same is declared to be a remedial statute which shall be given an equitable construction by the courts to the end that the objects and purposes of this chapter may be realized and attained."

■ This Act is to be construed liberally to persons entitled to its benefits, *Johnson Coffee Co.* v. *McDonald,* 143 Tenn. 505, 226 S. W. 215; *Frost* v. *Blue Ridge Timber Corp.,* 158 Tenn. 18, 11 S. W. 2d 860, and to all its terms and provisions, *Leonard* v. *Cranberry Furnace Co.,* 150 Tenn. 346, 265 S. W. 543; *Moss* v. *Aluminum Company of America,* 152 Tenn. 249, 276 S. W. 1052; *Cherokee Sand Co.* v. *Green,* 152 Tenn. 412, 277 S. W. 905; *Knox* v. *Washer,* 153 Tenn. 630, 284 S. W. 888; *Partee* v. *Memphis*

*Concrete Pipe Co.*, 155 Tenn. 441, 295 S. W. 68; *Cherokee Brick Co.* v. *Bishop*, 156 Tenn. 168, 299 S. W. 770; *Weber Iron & Steel Co.* v. *Jeffrey*, 161 Tenn. 142, 29 S. W. 2d 656; *Marshall Construction Co.* v. *Russell*, 163 Tenn. 410, 43 S. W. 2d 208; *Hooper Tire Co.* v. *Maneese*, 164 Tenn. 51, 45 S. W. 2d 1071.

"This court has never been unmindful of the remedial nature of this legislation, as its repeated decisions will disclose, and the act has been uniformly construed so as to secure for the beneficiaries of the act every protection a liberal construction authorized." *Baxter* v. *Jordan*, 158 Tenn. 471, 475, 14 S. W. 2d 717, 718.

■ Counsel for petitioner rely on the case of *Stratton Co.* v. *Rollison*, 156 Tenn. 256, 260, 300 S. W. 569, 570, where this Court quoted approvingly from an opinion by the Supreme Court of Oklahoma in the case of *Stasmas* v. *Rock Island Coal Min. Co.*, 80 Okl. 221, 195 P. 762, 15 A.L.R. 576, as follows: "It is now well settled in these workmen's compensation cases that the fact that an injury is the result of the willful or criminal assault of another does not prevent the injury from being accidental." (Citing many authorities.)

■ We find no error in the judgment of the court below and it is affirmed.

All concur.