Robert **BRIMHALL**, Appellant,

v.

The **HOME INSURANCE COMPANY**, Appellee.

Supreme Court of Tennessee,
at Jackson.

June 10, 1985.

Petition to Rehear Denied Aug. 12, 1985.

Lewie R. Polk, III, Gerber, Gerber & Agee, Memphis, for appellant.

Richard Glassman, Glassman, Jeter & Embry, P.C., Memphis, for appellee.

## OPINION

FONES, Justice.

This is a worker's compensation case in which the trial court found that employee's injuries did not arise out of and in the course of employment and dismissed plaintiff's cause of action.

The relevant facts are not disputed. On March 7, 1983, plaintiff, Robert Brimhall, was employed as an auto mechanic by Chuck Hutton Chevrolet, a Memphis automobile dealership. On the day preceding his injury, Brimhall observed a co-employee, Donnie Ray, removing a substantial portion of plaintiff's personal hand cleaner from a container that Brimhall kept near his tools at his work station. When plaintiff questioned Ray concerning his intentions, Ray responded that he was going to take the hand cleaner home with him. Brimhall then told Ray that he would have to pay plaintiff for the cleaner, to which Ray replied that he would pay Brimhall two dollars on the following day.

On the next morning, after unsuccessfully attempting to summon Ray over to his work area,[1] Brimhall approached Ray and requested the money which he had been promised for the hand cleaner. Ray told plaintiff that he would give him "some change." After Ray's offer, Brimhall returned to his work area and placed a large portion of cleaner in his hand. Plaintiff then walked over to where Ray was seated and told Ray, "Since you like this hand cleaner so much, I'll just give you some more of it." At this point, another employee interceded and apparently convinced Brimhall that an altercation over the hand cleaner was not worth Brimhall's job. Plaintiff started to return to his work area, but he heard Ray utter some unintelligible remark that Brimhall believed was derogatory. Brimhall then turned toward Ray and, from a distance of approximately 20 feet, threw the handful of cleaner at Ray, getting some of it on Ray's shirt and a large amount on the wall behind Ray.

After Brimhall's actions, Ray arose from his sitting position, approached plaintiff and delivered two blows to Brimhall's face. Brimhall attempted to retaliate but swung wildly, injuring his knee which required extensive medical treatment, including surgery. As a result of this fracas, both men were discharged from their employment at Chuck Hutton.

Because the facts are undisputed, this Court is not bound by the material evidence rule and may apply its own legal conclusion to the uncontradicted facts. *Wright v. Gunther Nash Mining Construction Co.,* 614 S.W.2d 796, 797 (Tenn.1981). With this in mind, we turn to the legal issue raised in this case, i.e., whether the injury arose out of and in the course of employment.

It is well established that an injury must both arise "out of" as well as "in the course of" employment to be compensable under the Worker's Compensation Act. *Thornton v. RCA Service Co.,* 188 Tenn. 644, 221 S.W.2d 954 (1949). In this context, the phrase "in the course of" refers to time, place and circumstances, and "arising out of" refers to cause or origin. "[A]n injury by accident to an employee is 'in the course of' employment if it occurred while he was performing a duty he was employed to do; and it is an injury 'arising out of' employment if caused by a hazard incident to such employment." *Hudson v. Thurston Motor Lines, Inc.,* 583 S.W.2d 597, 599 (Tenn.1979).

It is the general rule that "an injury arising from an assault on an employee committed solely to gratify his personal ill-will, anger, or hatred, or *an injury received in a fight purely personal in nature with a fellow employee,* does not arise out of the employment within the meaning of the workmen's compensation acts." 82 Am.Jur.2d *Workmen's Compensation* § 330, at 128 (1976) (emphasis added). The Tennessee cases that have addressed this issue have also consistently held that where the encounter was "personal" between the parties, the resulting injuries do not arise out of and in the course of employment. *See, e.g., Sandlin v. Gentry,* 201 Tenn. 509, 300 S.W.2d 897 (1957); *Thornton v. RCA Service Co., supra; Kinkead v. Holliston Mills,* 170 Tenn. 684, 98 S.W.2d 1066 (1936); *Forbess v. Starnes,*

---

**1.** Donnie Ray was a "clean-up man" who, although stationed in the same building, did not work in plaintiff's work area, nor did Ray's duties bring him in contact with Brimhall. Neither Brimhall nor Ray had any right of supervision over one another.

169 Tenn. 594, 89 S.W.2d 886 (1936); *see also W.S. Dickey Mfg. Co. v. Moore*, 208 Tenn. 576, 347 S.W.2d 493 (1961).

■ In the instant case, the item over which the fight ensued was the personal property of plaintiff. It is undisputed that the employer provided adequate facilities for handwashing which plaintiff could have utilized if he so desired. Plaintiff testified that, regardless of the availability of the facilities, he had, for the last ten years wherever he had worked, provided his own personal hand cleaner because he preferred this particular brand since it did not chap his hands. Although the employer required its mechanics to wash their hands between jobs, it cannot be said that the altercation that resulted in plaintiff's injuries "arose out of" his employment, but rather, the encounter was a personal matter between Brimhall and Ray that developed over Brimhall's attempt to make Ray pay for taking Brimhall's property. If Brimhall had not preferred to have his own personal soap on the job, the incident would not have occurred.

■ Appellee has also asserted that this is a frivolous appeal under T.C.A. § 27–1–122. However, because this is an issue of law to be resolved from undisputed facts, we do not agree. Accordingly, the judgment of the trial court dismissing the claim for worker's compensation is affirmed. Costs are adjudged against plaintiff.

COOPER, C.J., and HARBISON and DROWOTA, JJ., concur.

BROCK, J., dissents (see separate opinion).

BROCK, Justice, dissenting.

I respectfully dissent from the decision and the opinion of the majority in this case. In my opinion, the injuries suffered by the plaintiff-employee "arose out of and in the course of his employment" as those words have been interpreted and applied in our most recent decisions. *Hudson v. Thurston Motor Lines, Inc.*, Tenn., 583 S.W.2d 597 (1979); *Bell v. Kelso Oil Co.*, Tenn.,

597 S.W.2d 731 (1980). In the *Bell* case we observed:

"Generally, an injury arises out of and in the course of the employment if it has a rational causal connection to the work and occurs while the employee is engaged in the duties of his employment; and, any reasonable doubt as to whether an injury 'arose out of the employment' is to be resolved in favor of the employee. (Citations omitted) ...
We have said that an injury arises out of the employment 'when there is apparent to the rational mind, upon consideration of all of the circumstances, a causal connection between the conditions under which the work [was] required to be performed and the resulting injury.' *T.J. Moss Tie Co. v. Rollins*, 191 Tenn. 577, 235 S.W.2d 585 (1951).

"Injuries that result from a willful assault upon an employee represent one of the most difficult cases for determination whether such injuries arise out of and in the course of the employment. We recently had occasion to investigate this problem in *Hudson v. Thurston Motor Lines, Inc.*, Tenn., 583 S.W.2d 597 (1979). Mr. Justice Fones, writing for the Court, reviewed the decisions of this Court involving injuries resulting from assaults upon employees. He summarized the state of the law with respect to this problem as follows:

"The issue of whether the accident arose out of the employment is a more difficult question. The standards that this Court has adhered to, throughout the history of the workmen's compensation litigation, although expressed in widely-varying language, center upon a showing of (1) a causal connection between the employment and the injury or (2) a risk incidental to or peculiar to the employment.' ..." 597 S.W.2d at 734.

Applying the principles from the *Hudson* and *Bell* cases, *supra*, to the facts of this case I can only conclude that the assault and injury to the plaintiff had a rational causal connection to his work and occurred

while he was engaged in the performance of his duties. Accordingly, I would hold that the trial court erred in dismissing the complaint. Simply to say that the fight between Brimhall and Ray was "purely personal in nature" and that "the encounter was a personal matter between Brimhall and Ray" and to note that the hand cleaner was the personal property of the plaintiff Brimhall rather than of his employer does not furnish any basis for denying liability in this case. Fights of this kind are always personal in nature but sometimes, as here and in the *Bell* and other cases cited therein, they have a rational causal connection to the work and occur while the employee is engaged in the performance of his duties. Accordingly, I would reverse and remand this case to the trial court for a determination of the benefits to which the plaintiff is entitled under the worker's compensation laws.

### OPINION ON PETITION TO REHEAR

FONES, Justice.

A petition for rehearing has been filed by appellant, Robert Brimhall. After consideration of same, the Court is of the opinion that the petition is not well taken.

Accordingly, the petition is overruled at the cost of appellant.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.