FILED

**February 6, 2015**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:04 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Carol Griffis**

**EMPLOYER: Five Star Food Service**

**INSURANCE CARRIER:   Key Risk
Management**

**DOCKET #:  2014-06-0040**
**STATE FILE #: 70091-2014**
**DATE OF INJURY: August 21, 2014**

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Carol Griffis, Employee.  Considering the positions of the parties, the applicable law and all of the evidence submitted, the Court finds as follows:

On December 12, 2014, Mr. Griffis filed a Request for Expedited Hearing with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, pursuant to Tennessee Code Annotated section 50-6-239 to determine if Employer, Five Star Food Service, Inc. ("Five Star"), is obligated to provide medical benefits.  The undersigned Workers' Compensation Judge conducted a telephonic Expedited Hearing on February 5, 2015. Mr. Griffis participated, *pro se*.  Attorney Michael Jones represented Five Star and its Carrier. After considering the parties' arguments, the applicable law, the technical record, and all the testimony and evidence introduced at the Expedited Hearing, the Court concludes that Mr. Griffis is not entitled to the medical benefits requested at this time.

## ANALYSIS

### Issue

*Whether Mr. Griffis presented sufficient evidence to establish that his alleged injury arose primarily out of and in the course and scope of his employment.*

### Evidence Submitted

At the hearing, the Court received and considered the following evidence:

Exhibit 1: Medical bill, Two Rivers Emergency Phys., PLLC, September 25, 2014
Exhibit 2: Medical bill, Summit Medical Center, September 4, 2014
Exhibit 3: Medical records, Concentra Medical Centers, August 22-29, 2014
Exhibit 4: After Care instructions, Summit Medical Center, August 21, 2014.

1

In addition, the Court designates the pleadings below as the technical record:

- Petition for Benefit Determination, October 8, 2014
- Dispute Certification Notice, December 3, 2014
- Request for Expedited Hearing, December 12, 2014.

The witnesses were Mr. Griffis and Robert Landon Martin, Five Star's corporate representative and Director of Risk Management.

## History of Claim

Mr. Griffis is a 35-year-old resident of Wilson County, Tennessee. He testified that he injured his back at work on August 21, 2014, although he is unsure how or when it happened. Later that day, Mr. Griffis went to the emergency room at Summit Medical Center, thinking he may have suffered a heart attack. He testified, without objection, that the emergency room physician, Dr. Cori McKean, ruled out heart attack. She informed him that he experienced a "muscular spasm," and that this type of injury is similar to when a person works out and does not feel soreness or pain until 24-48 hours later. Mr. Griffis' job is strenuous. He works as a route sales and delivery person for Five Star. He testified that his supervisors have commented that his route requires an employee who is physically fit. Mr. Griffis goes up and down stairs, pushing, pulling and lifting heavy objects all day long, so that in his opinion the type of injury he sustained could easily occur.

Dr. McKean discharged Mr. Griffis that same day. Exhibit 4, the "After Care Instructions" state, "The cause of your pain is not yet known." On cross-examination, Mr. Griffis testified he read that statement when he was discharged and disagreed with it because Dr. McKean told him it was "chest pain entering into my back." The form additionally indicates a prescription for Ibuprofen and Flexeril. Mr. Griffis testified, without objection, that these prescriptions treated a muscle spasm. He admitted he received no written document confirming that he experienced a back spasm.

Mr. Griffis received authorized care from Dr. William Dutton at Concentra Medical Centers from August 22 through 29, 2014 (Exhibit 3). He also received physical therapy. The physical therapy records were not provided. Dr. Dutton diagnosed "thoracic sprain" and placed Mr. Griffis at maximum medical improvement (MMI) on August 29, 2014. Five Star paid for Dr. Dutton's services and physical therapy before denying the claim.

Five Star and its Carrier ultimately denied the claim. Mr. Griffis received medical bills in the amount of $240.12 from Two Rivers Emergency Physicians (Exhibit 1) and $1,597.60 from Summit Medical Center (Exhibit 2).

On cross-examination, Mr. Griffis testified that he teaches and practices martial arts twice per week. On re-direct, he explained that back injuries are very rare with the type of martial arts he practices, Tae Kwon Do, as compared to the frequency of lower body and in particular leg injuries.

2

Mr. Martin testified that he handles workers' compensation matters for Five Star. He stated that Mr. Griffis did not indicate a cause for the condition he alleges is work-related. On cross-examination, Mr. Martin acknowledged receipt of a copy of the After Care Instructions (Exhibit 4).

## Employee's Contentions

Mr. Griffis contends he injured his back at some point on August 21, 2014. He is an honest, hard-working employee who simply wants to be made whole from bills he received relative to a work injury. The type of injury he sustained is consistent with the type of duties he performs and the physical nature of his job. Mr. Griffis seeks an order that Five Star and/or its Carrier pay both medical bills from the emergency room visit.

## Employer's Contentions

Five Star contends the injury is not work-related. Five Star provided authorized care until obtaining the emergency room records and discovering that the etiology of Mr. Griffis' condition is unknown and it is thus not work-related. Mr. Griffis failed to satisfy his burden to show that the medical evidence establishes causation and preponderates in his favor. As a result, the injury did not arise primarily out of and in the course and scope of employment. Therefore, Five Star properly denied the claim and declined to pay for unauthorized treatment.

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6) (2014), the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. The employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13) (2014).

### Factual Findings

On August 21, 2014, Mr. Griffis experienced chest and back pain. He does not know what specifically happened to cause his pain that day. Mr. Griffis performs job duties that are physically demanding. He sought medical treatment on his own at Summit Medical Center, for what he believed to be heart attack symptoms. Mr. Griffis received two bills from the ER visit, in the amounts of $240.12 and $1,597.60. The Summit Medical Center bill (Exhibit 2) indicates that the charges are related to heart attack-type treatment. Upon his discharge, Mr. Griffis received After Care Instructions that state that the cause of his pain is unknown.

Mr. Griffis received authorized care from Concentra on August 22 through 29, 2014. Dr. Dutton diagnosed thoracic strain and placed Mr. Griffis at MMI on August 29, 2014. The

Concentra records do not state that the injury is work-related. Five Star denied the claim and declined to pay for unauthorized care.

*Application of Law to Facts*

The issue in this case is whether Mr. Griffis presented sufficient evidence to prove he suffered a compensable injury. Tennessee Code Annotated Section 50-6- 102(13) provides as follows:

> "Injury" or "personal injury" mean an injury by accident …; provided, that:
>
> (A) An injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence …;
>
> (B) An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes;
>
> (C) An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing death, disablement or need for medical treatment, considering all causes.

Tenn. Code Ann. § 50-6-102(13)(A)-(C) (2014).

In *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935, 937-938 (Tenn. 1987), the Tennessee Supreme Court defined the causal connection required before an injury will be held compensable under the workers' compensation law. The Court opined that causal connection refers to cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work. *Id.* at 937. The mere presence at the place of injury because of the employment will not result in the injury being considered as arising out of the employment. *Thornton v. RCA Serv. Co.*, 221 S.W.2d 954, 955 (Tenn. 1949). In all but the most simple and obvious of cases, an employee must prove causation of his injury by expert medical proof. *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991).

In this case, Mr. Griffis did not describe a specific incident or set of incidents that took place at work to cause his injury, other than to describe the physical nature of his job – pushing, pulling, and carrying heavy objects, sometimes up and down stairs -- and his daily, earnest attempts to perform at his best. He did not describe with any specificity what he lifted; what time it happened, other than the day; or if other workers observed his injury. The statute requires an employee to specify the incident or series of incidents that cause an injury, but Mr. Griffis failed to do so. Further, the After Care Instructions from Summit Medical Center do not state that the injury is work-related. Rather, they state that the cause of his pain is unknown.

4

The Court finds Mr. Griffis to be a credible witness. He gave the Court no reason to doubt that he discussed the etiology of his symptoms with Dr. McKean, who perhaps verbally conveyed an opinion or impression that the injury is work-related. However, the written evidence does not support the conclusion that it is, in fact, her opinion to a reasonable degree of medical certainty that it is more than fifty percent (50%) likely that the injury arose primarily out of and in the course and scope of his employment. Likewise, the Concentra records lack any notation that the injury is work-related. The only evidence for this Court regarding causation is Mr. Griffis' testimony of his lay opinion. This is not a simple and obvious case that would preclude the need for expert medical proof. Thus, he has not satisfied his burden under the *McCall* standard that his injury arose primarily out of and in the course and scope of employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Griffis' claim against Five Star and its workers' compensation carrier for the requested medical benefits is denied on the grounds of compensability. This is not a final order.

2. This matter is set for Initial Hearing on March 5, 2015, at 9:00 a.m.

**ENTERED this the 6th day of February, 2015.**

Chief Judge Kenneth M. Switzer
Tennessee Court of Workers'
Compensation Claims

Initial Hearing:

An Initial Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers Compensation. You must dial in at 615-532-9552 or 866-943-0025 toll free at to participate in your scheduled conference.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.** All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Medical Benefits was sent to the following recipients by the following methods of service on this the 6th day of February, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Carol Griffis, Employee | | | | | x | Mastergriffis597@yahoo.com |
| Michael Jones, Employer/Carrier's attorney | | | | | x | Mjones@wimberlylawson.com |

Penny Shrum
Clerk, Court of Workers' Compensation Claims

6