FILED

May 27, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:21 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

| | | |
|---|---|---|
| Eric Blasingim, | ) | DOCKET #: 2015-05-0026 |
|     Employee, | ) | STATE FILE #: 60533-2014 |
| v. | ) | DATE OF INJURY: August 4, 2014 |
| Rite Hite Holding Corporation, | ) | Chief Judge Switzer |
|     Employer, | ) | |
| and, | ) | |
| Sentry Insurance | ) | |
|     Carrier. | ) | |

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge on May 19, 2015, upon the Request for Expedited Hearing filed by the Employee, Eric Blasingim (Mr. Blasingim), on March 23, 2015, pursuant to Tennessee Code Annotated section 50-6-239 to determine if the Employer, Rite Hite Holding Corporation (Rite Hite) is obligated to provide medical and temporary disability benefits. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Mr. Blasingim is not entitled to the requested benefits at this time.

### ANALYSIS

### Issues

- *Whether Mr. Blasingim sustained an injury arising primarily out of and in the course and scope of his employment with Rite Hite.*

- *Whether Mr. Blasingim's injury was idiopathic in nature.*

### Evidence Submitted

The Court admitted into evidence the exhibits below:

- Ex. 1: Medical Records of Eric Blasingim, Vanderbilt University Medical Center (86 pages)

1

- Ex. 2: FROI, August 5, 2015
- Ex. 3: Form C-41, Wage statement.

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), February 9, 2015
- Dispute Certification Notice (Amended), March 23, 2015
- Request for Expedited Hearing, March 23, 2015
- Employer and Insurance Carrier's Pre-Hearing Brief, May 8, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

Mr. Blasingim was the only witness who testified.

The parties stipulated to the following:

- The date of injury is August 4, 2014.
- Rite Hite received timely notice of the injury.
- Mr. Blasingim's compensation rate is $559.08 per week.
- Mr. Blasingim returned to work with no restrictions.

## History of Claim

Mr. Blasingim is a forty-two (42) year-old resident of Giles County, Tennessee. He works for Arbon Equipment Corporation, a division of Rite Hite Holding Corporation, as a service technician. Mr. Blasingim's PBD states, with regard to how the injury occurred: "Employee was knocked unconscious. He has no memory of the accident. Believed to have been injured by hydraulic dock level[er]."

Mr. Blasingim testified that he "was hurt while doing my job at [Robert Orr] Sysco," and that he became injured "while doing the P.M.s on the levelers at Sysco." According to Mr. Blasingim, Rite Hite has a video from the date of injury, which he did not introduce into evidence[1]. Mr. Blasingim said that the video, which his service manager, Mark Metz, watched, shows him inside the building at the dock area where he worked. He wore his hard hat at the time. He then exited the dock area and went out of the camera's view for approximately two minutes. When Mr. Blasingim returned within view of the camera, he was not wearing the hard hat. Mr. Blasingim testified, "I was

---

[1] According to Rite Hite's Counsel, the videos she viewed either showed "absolutely nothing" relative to the case, or she was unable to view them.

2

walking circles, bleeding, looking up at the ceiling – just doing random things."

Mr. Blasingim was transported by ambulance to Vanderbilt University Medical Center (Ex. 1, p. 2). Dr. Bradley Dennis' assessment provides, "This is a 41-year-old white male status post blunt trauma to the head with traumatic brain injury, subdural hematoma and skull fracture as well as acute respiratory failure requiring mechanical ventilation (Ex. 1, p. 5)." Mr. Blasingim was admitted to the trauma ICU (Ex. 1, p. 13), and discharged from the hospital on August 6, 2014 (Ex. 1, pp. 15-18). He received follow-up outpatient care until September 12, 2015. Rite Hite denied the claim on September 11, 2014 (Ex. 1, p. 30).

On cross-examination, Mr. Blasingim said Mr. Metz was not present on the date of the injury, but went to the jobsite on August 5, 2014, to investigate. Mr. Blasingim acknowledged that in 2001 or 2002, he was in a "very bad" car accident, where his vehicle was hit head-on, resulting in him being comatose and hospitalized for several weeks. He agreed that his injuries from the car accident were primarily to his head, and that his physicians inserted a plate in his head as well as pins and screws in his jaw. Recovery from the car accident kept him off from work for approximately three months. Mr. Blasingim conceded he experienced occasional dizzy spells, or "positional dizziness," after the 2001 or 2001 accident and before the August 4, 2014 injury, but said that the dizziness had subsided before the workplace accident. He agreed he had tinnitus before the August 4, 2014 accident as well. Mr. Blasingim additionally acknowledged that he was involved in a previous ATV accident, but said that it injured his knee and not his head. Although the medical records state that he suffered two previous concussions (Ex. 1, p. 19), Mr. Blasingim testified that information is incorrect. He agreed that he has no specific memory of the accident occurring.

Mr. Blasingim filed a PBD on February 9, 2015, seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation and the Mediating Specialist filed a Dispute Certification Notice on March 23, 2015, which was amended to include additional issues on that same date. On March 23, 2015, Mr. Blasingim filed a Request for Expedited Hearing.

**Mr. Blasingim's Contentions**

Mr. Blasingim contends that there is no other way in which he could have received the injuries he sustained, other than one or two ways that he could have become injured while doing his job, considering the circumstances surrounding the August 4, 2014 accident at work. The insurance carrier has found a "loophole" to deny coverage because he cannot remember what happened and supposedly no one else witnessed the accident.

## Rite Hite's Contentions

Mr. Blasingim did not satisfy his burden to show that he suffered a work-related injury because he cannot specify the incident or series of incidents that resulted in his injuries, nor has he offered sufficient medical proof of causation.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

"The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer." Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that, "[u]nless the statute provides for a different standard of proof, at a hearing the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014); *cf. McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003).

### *Factual Findings*

Although Mr. Blasingim suffered injuries on August 4, 2014, he provided no proof that his injuries resulted from a danger or hazard peculiar to his work, or that a risk inherent in the nature of his caused the injuries.

### *Application of Law to Facts*

*Mr. Blasingim did not sustain an injury arising primarily out of and in the course and scope of his employment with Rite Hite.*

Tennessee Code Annotated section 50-6-102(13) (2014) defines "injury" and "personal injury" to mean an injury by accident "arising primarily out of and in the course and scope of employment . . . ." Tenn. Code Ann. § 50-6-102(13). An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(13)(B).

The Tennessee Supreme Court has consistently held that to qualify as a compensable workers' compensation claim, an injury must both "arise out of" and occur "in the course of" employment:

> The phrase "in the course of" refers to time, place, and circumstances, and "arising out of" refers to cause or origin. "[A]n injury by accident to an employee is in the course of employment if it occurred while he was performing a duty he was employed to do; and it is an injury arising out of employment if caused by a hazard incident to such employment." Generally, an injury arises out of and is in the course and scope of employment if it has a rational connection to the work and occurs while the employee is engaged in the duties of his employment.

*Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008) (*quoting Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991)). It is well established that the mere presence in the workplace at the time an injury occurs will not result in the injury being considered as arising out of the employment. Instead, the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work. *Thornton v. RCA Serv. Co.*, 221 S.W.2d 954, 955 (Tenn. 1949).

In this case, Mr. Blasingim testified that he sustained an injury while working and "while doing the P.M.s on the levelers at Sysco," but he has no memory of how he became injured. Mr. Blasingim offered no proof regarding the circumstances of the injury, which *Cloyd* requires. He was similarly unable to identify with any specificity a danger or hazard peculiar to his workplace or a risk inherent in the nature of his work, as per *Thornton.* He contends that there are two ways the accident could have happened, but did not give the details or offer proof of either mode of injury. Mr. Blasingim testified that a videotape exists that provides some detail of the events of that day, but he did not introduce that video into evidence. Further, he did not offer any eyewitness testimony regarding how he became injured, or the testimony of Mr. Metz, who allegedly viewed the videotape. In sum, although Mr. Blasingim was a credible witness, the totality of his proof was insufficient at this time to permit this Court to grant the relief he seeks.

Because Mr. Blasingim failed to satisfy his burden to show that his injury is work-related, he is ineligible for medical or temporary disability benefits under the Workers' Compensation Law. Based upon the evidence before the Court at this time, it is unlikely that Mr. Blasingim would prevail at a hearing on the merits. Therefore, the Court must deny his requests at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Blasingim's claim against Rite Hite and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for Initial Hearing on July 13, 2015, at 9:00 a.m.

   **ENTERED this the 27th day of May, 2015.**

   _Kenneth M. Switzer_
   **Kenneth M. Switzer, Chief Judge**
   **Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the

evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 27th day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|---------------|------------------|---------|-----------|-----------|---------------|
| Eric Blasingim, Employee | x | | | | x | volbuider@yahoo.com; Clock Creek Road, Cornersville, TN 37047 |
| Lee Anne Murray, Employer's attorney | | | | | x | leeamurray@feeneymurray.com |

Penny Shrum, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**