FILED

November 13, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:11 PM



## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Gaynell Portilla, | ) | Docket No.: 2015-06-0024 |
| | ) | |
| Employee, | ) | State File No.: 92928-2014 |
| v. | ) | |
| | ) | Judge Joshua Davis Baker |
| Tyson Foods, | ) | |
| | ) | |
| Employer. | ) | |

## COMPENSATION HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge pursuant to Tennessee Code Annotated section 50-6-239 (2014) for a Compensation Hearing. The employee, Gaynell Portilla, seeks permanent workers' compensation benefits. The dispute concerns whether Ms. Portilla's injury arose primarily out of her work for Tyson or resulted from an idiopathic event. The Court finds that Ms. Portilla's injury did not arise primarily out of her work with Tyson and dismisses her claim.

### History of Claim

Ms. Portilla is a seventy-six-year-old resident of Sumner County, Tennessee. She worked packaging food in Tyson's food processing plant.

On November 18, 2014, Ms. Portilla slipped on the landing at the top of the stairs as she made her way to break area for lunch. Asbiel Benitez, a front-line supervisor for Tyson, arrived on the scene of the accident immediately after co-workers helped Ms. Portilla up from the floor. He called for assistance for Ms. Portilla. Her direct supervisor and plant healthcare workers placed Ms. Portilla in a wheelchair and took her to Tyson's health clinic. Mr. Benitez inspected the area where she fell for hazards. He found nothing wet or slippery in the area and found no other hazards, such as meat or water, which could have caused Ms. Portilla to fall.

Kimberly Pedersen, a nurse and the safety manager for Tyson, stated in her deposition that she also investigated the accident area shortly after Ms. Portilla fell. (Ex. 2.) Like Mr.

1

Benitez, Nurse Pedersen also found no hazards on the floor. *Id*. at 9-10. Video cameras in the plant also captured the fall. (Ex. 1.)

Ms. Portilla denied that Mr. Benitez arrived on the scene first. She testified she saw Nurse Pederson and her supervisor, Janice, inspecting the area but did not see Mr. Benitez. According to Ms. Portilla, her supervisor stated that she could not find anything on the floor and asked Ms. Portilla to "look at the bottom of her shoes." Ms. Portilla testified that she felt something slippery on the bottom of her shoes.

After the fall, Ms. Portilla went to the Tyson health clinic. Ms. Portilla maintains that Mr. Benitez escorted her to the health clinic; Mr. Benitez denied escorting her.

Following the accident, Ms. Portilla filled out a form entitled "Team Member Statement of Injury or Illness." (Ex. 3.) In the statement, Ms. Portilla wrote "top of stairs sliped [sic] and fell or triped [sic] and fell" as the description of what she was doing when the accident occurred. *Id*. In the description of how the injury occurred, she wrote "I either sliped [sic] or triped [sic] and fell." *Id*. Finally, in the portion of the form that asks if anything could have prevented the accident, Ms. Portilla wrote, "I don't know." *Id*.

Tyson provided Ms. Portilla medical care and physical therapy after the accident but later denied the claim. As the basis for denial, Tyson wrote, "Investigation found that injury was the result of her tripping over her own feet and not the result of her work or work environment." (Ex. 5.)

Ms. Portilla filed a Petition for Benefit Determination seeking temporary disability and medical benefits. (T.R. 1.) The parties did not resolve their dispute through mediation, and the Mediating Specialist issued a Dispute Certification Notice. (T.R. 2.) Ms. Portilla requested an Expedited Hearing. (T.R. 3.) After a hearing, the Court denied her request for temporary disability and medical benefits. (T.R. 4.) Tyson moved to dismiss the claim, and the Court denied its motion. (T.R. 6, 7.) The parties appeared for a compensation hearing on October 15, 2015.

## Findings of Fact and Conclusions of Law

In order for an injury to be compensable, it must have been accidental. Under the Tennessee Workers' Compensation Law, an injury is accidental "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.]" Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014). The statutory requirements that an

injury arise out of and in the course of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance*, 164 S.W.3d 350, 354 (Tenn. 2005).[1]

An injury occurs in the course of employment if it takes place while the employee performs a duty he or she is employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. 1993). Thus, the "course of employment" requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005). In Tennessee, there is no formula that clearly defines the line between accidents and injuries that arise out of and in the course of employment, and those that do not. Instead, each case must be decided with respect to its own attendant circumstances and not by resort to a formula. *Bell v. Kelso Oil Co.*, 597 S.W.2d 731, 734 (Tenn. 1980).

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that, "[u]nless the statute provides for a different standard of proof, at a hearing the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c) (2014).

It is well established that the mere presence of the employee in the workplace at the time the injury occurs does not establish that the injury arose out of the employment. Instead, the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work. *Thornton v. RCA Serv. Co.*, 221 S.W.2d 954, 955 (Tenn. 1949). For example, the Supreme Court affirmed the trial court's decision denying recovery to an employee who fell at work due to a pre-existing spinal condition that caused his legs to tire and go numb. *See Greeson v. Am. Lava Corp.*, 392 S.W.2d 931, 935 (Tenn. 1965). In fact, "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle or step, in addition to the injured employee's ambulation." *Wilhelm v. Krogers*, 235 S.W.3d 122, 128-29 (Tenn. 2007). Furthermore, idiopathic injuries—those with an "unexplained origin or cause"—do not arise out of the work unless there is "some condition of the employment that presents a peculiar or additional hazard." *Veler v. Wackenhut Servs., Inc.*, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel 2011).

---

[1] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

The Court took testimony in this claim at an Expedited Hearing.[2]  Following the hearing, the Court entered an order denying Ms. Portilla medical benefits because the evidence at that time showed no hazardous condition in the area where Ms. Portilla fell. (T.R. 4.)  The Court did not, however, find Ms. Portilla's claim noncompensable, giving her an opportunity to submit additional proof to support her argument that a substance on the floor or on the bottom of her shoes caused her to slip.  The evidence Ms. Portilla presented at the Compensation Hearing did not materially differ from the evidence she presented at the Expedited Hearing.

Tyson maintains that Ms. Portilla suffered an idiopathic fall and that her claim is not compensable.  It relies on the video surveillance, Nurse Pedersen's deposition and Mr. Benitez's testimony.  For the following reasons, the Court agrees with Tyson.

The video evidence does not show a hazardous condition or indicate that Ms. Portilla slipped.  In the video footage, the Court observed that Ms. Portilla climbed the stairs and took a couple of steps on the landing before her feet became tangled.  She then spun around and fell backwards onto the floor.  The Court did not observe that her feet slipped.  Instead, her feet appeared to maintain good traction on the floor until she tripped over them. (Ex. 1.)

Second, the Court observed several other workers climb the stairs both before and after Ms. Portilla.  At least one of the workers appeared to step on the exact spot where Ms. Portilla stepped when she fell.  The Court did not observe that this worker or any of the other workers slipped.  Furthermore, no one climbing the stairs attempted to avoid a hazardous or slippery area on the floor, which leads the Court to conclude that no hazard existed.

Finally, Mr. Benitez testified that he inspected the area where Ms. Portilla fell almost immediately after the accident occurred and found no hazards in the area that could have caused Ms. Portilla to fall.  Nurse Pedersen corroborated Mr. Benitez's testimony in her deposition. (Ex. 2.)

Ms. Portilla bears the burden of proof in this action.  The Court finds nothing in the evidence, other than Ms. Portilla's testimony that she felt something slippery on her shoes, showing that a hazard caused her to fall.  Further, Mr. Benitez's and Nurse Pedersen's testimony confirm that Tyson inspected the area after Ms. Portilla's fall and found no hazards.  The Court must view the proof presented fairly, impartially, and in a manner favoring neither Ms. Portilla nor Tyson.  *See* Tenn. Code Ann. § 50-6-116.  Upon consideration of the evidence, the Court finds that Ms. Portilla failed to carry her burden of proving she suffered a compensable injury and denies her request for relief.

---

[2] In determining this claim, the Court takes judicial notice of testimony heard and exhibits admitted into evidence at the prior in-person Expedited Hearing.  *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012), holding, "we are permitted to take judicial notice of the facts from earlier proceedings in the same action."

**IT IS, THEREFORE, ORDERED** that Ms. Portilla's claim for workers' compensation benefits against her employer, Tyson, is dismissed with prejudice

**ENTERED ON THE 13TH DAY OF NOVEMBER, 2015.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2015).

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be

docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen (15) calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3).

## APPENDIX

**Exhibits:**

1. Video surveillance footage
2. Deposition of Kimberly Pedersen
3. Team Member Statement of Injury or Illness
4. First Report of Injury
5. Notice of Claim Denial
6. Choice of Physician Form

**Technical Record:**[3]

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Expedited Hearing Order
5. Initial Hearing Order
6. Tyson's Motion to Dismiss
7. Order Denying Tyson's Motion to Dismiss
8. Tyson's Witness and Exhibit List

---

[3] The Court did not consider attachments to the above filings unless admitted into evidence during the Compensation Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the ___13th__ day of November, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Gaynell Portilla** | | | | | **X** | **gaynellart49@bellsouth.net** |
| **Terry Hill** | | | | | **X** | thill@manierherod.com |

_____
**Penny Shrum, Clerk**
**Tennessee Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**