**FILED**

**October 4, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:20 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Patsy Brumit, | ) Docket No.: 2016-06-1080 |
|         Employee, | ) |
| v. | ) |
| Vanderbilt University Medical Center, | ) State File Number: 32943-2015 |
|         Employer, | ) |
| and | ) |
| Vanderbilt, | ) Judge Kenneth M. Switzer |
|         Carrier. | ) |
| | ) |

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

This case came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by Patsy Brumit pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is her entitlement to medical and temporary disability benefits as a result of an alleged work-related injury to Ms. Brumit's shoulders. The central legal issue is whether her injuries arose primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court holds Ms. Brumit is not likely to prevail at a hearing on the merits that her injuries arose primarily out of and in the course and scope of her employment and denies the requested relief at this time.[1]

### History of Claim

Ms. Brumit worked for Vanderbilt University Medical Center as a clinical supply tech since 2004. On April 24, 2015, while stocking and pulling supplies, she pulled an exceptionally heavy tote weighing approximately fifty or sixty pounds and felt immediate, sharp pain in both shoulders.

Vanderbilt initially accepted her claim as compensable, and she selected Vanderbilt Occupational Health Clinic from a panel of healthcare providers. (Ex. 3.)

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

Ms. Brumit testified providers there referred her to a specialist, although neither party submitted medical records from Occupational Health.

As for the specialist referral, Ms. Brumit testified that Occupational Health staff chose Dr. Paul Rummo. Vanderbilt disputed this, offering the testimony of its Claims Administrator, Jeff Davis, VUMC Risk Management. Mr. Davis said it was "his understanding" that Ms. Brumit likely selected Dr. Rummo onsite at Occupational Health. However, he was unable to locate the form memorializing this choice. Instead, Mr. Davis relied upon a "clinical communication" from staff at Occupational Health to Vanderbilt's Corporate Health Case Manager service advising that they paneled Ms. Brumit and she chose "Dr. Rummo/Dr. Singh." (Ex. 5.)

Dr. Rummo saw Ms. Brumit for the first time on June 3, and continued to see her until August 13, treating her conservatively. (Ex. 1 at 1-12.) Dr. Rummo ordered an MRI of her right shoulder, which revealed full thickness and full width tear of her rotator cuff with retraction and atrophy. *Id.* at 4. In a July 13 office note, Dr. Rummo described the injury as "work related," but he also noted, "it is difficulty [sic] to say if injury caused the rotator cuff tearing on the right since she has atrophy and retraction, which definitely puts her on the chronic stage[.]" *Id.* at 6. Ms. Brumit refused surgery at that time, and Dr. Rummo administered injections and recommended physical therapy, along with restrictions on her activity. *Id.*

As she continued to see Dr. Rummo, he ordered x-rays of the right shoulder, which showed acromioclavicular osteoarthritis. *Id.* at 9. In an office note dated August 13, Dr. Rummo wrote, "I do think that her rotator cuff tears are chronic and not acute and not related to her work injury." *Id.* at 12. Based on this statement, Vanderbilt denied the claim and advised Ms. Brumit of the decision by email dated August 18.[2] (Ex. 2 at 3.)

Following Vanderbilt's denial, Ms. Brumit sought treatment through her private health insurance with Dr. Charles Cox. He performed multiple surgical procedures on both her shoulders to repair the rotator cuff tears. (Ex. 1 at 13-45.) In an office note dated August 20, Dr. Cox wrote, "Although she had no pain prior to her injury, the atrophy indicates that she did have a rotator cuff tear prior to this. I told her there might be an acute-on-chronic component." *Id.* at 15. Ms. Brumit continues treating with Dr. Cox.

Ms. Brumit argued that if she had tears prior to the April 2015 incident, she would have felt pain beforehand, which she did not. She additionally asserted that, because the incident happened at work, it is work-related, and lifting totes at work for the past twelve years has "taken a toll on me."

---

[2] Vanderbilt offered Ms. Brumit a surgical panel for rotator cuff surgery on August 17, 2015, but withdrew that panel after reviewing Dr. Rummo's August 13 note.

Vanderbilt argued that Ms. Brumit failed to provide any medical proof that her injury arose primarily out of and in the course and scope of employment. Vanderbilt asserted that, to the contrary, two physicians opined her condition is not work-related.

## Findings of Fact and Conclusions of Law

The following legal principles govern this case. In general, Ms. Brumit, as the employee, bears the burden of proof on all prima facie elements of her workers' compensation claim. *See* Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Ms. Brumit need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at an expedited hearing, she has the burden to come forward with sufficient evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *Id.*

To be compensable under the Workers' Compensation Law, an injury must arise primarily out of and in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). The opinion of the treating physician selected from a panel "shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E) (2015). Further, "[i]t is well established that the mere presence in the workplace at the time an injury occurs will not result in the injury being considered as arising out of the employment." *Thornton v. RCA Serv. Co.*, 221 S.W.2d 954, 955 (Tenn. 1949).

The Court had an opportunity to observe Ms. Brumit and finds she appeared steady, forthcoming, reasonable and honest, which characteristics, according to the Tennessee Supreme Court, are indicia of reliability. *See Kelly v. Kelly*, 445 S.W.3d 685, 694-695 (Tenn. 2014). She credibly testified she felt immediate pain in her shoulders when attempting to move an extraordinarily heavy tote at work. However, Ms. Brumit's mere presence at work at the time her injury occurred will not result in this Court considering it as arising out of employment. Rather, the Court must look to the opinions of the medical experts.

Dr. Rummo gave Ms. Brumit the initial impression her condition was work-related but ultimately concluded her rotator cuff tears are "chronic and not acute and not related to her work injury." Ms. Brumit offered no countervailing opinion. She likewise offered no medical proof of a gradually occurring injury.

Instead, Ms. Brumit disputed selecting Dr. Rummo from a panel, implicitly

3

arguing that if he is not the authorized treating physician, his opinion is not entitled to a presumption of correctness. With regard to referrals, the Workers' Compensation Law states, "When necessary, the treating physician selected in accordance with this subdivision (a)(3)(A) shall make referrals to a specialist physician, surgeon, or chiropractor and immediately notify the employer." Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii) (2015).

Here, Ms. Brumit selected Occupational Health, and according to her testimony, whomever she saw there referred her to a specialist. Without the medical records, this Court does not know whether the referral called for an individual by name or merely a practitioner within that area of expertise. Mr. Davis – also a credible witness – testified that Vanderbilt honored the referral by providing an onsite panel, although he admitted on cross-examination that he does not have a copy of the Choice of Physicians form documenting her selection.[3] Nonetheless, the email from Occupational Health to Corporate Health Case Manager service substantiates Mr. Davis' assertion. Ms. Brumit bears the burden of proof on all essential elements of her claim, which would entail introducing the Occupational Health medical records, which presumably might shed some light on the exact nature of the referral.

However, even if Dr. Rummo were not the authorized treating physician, Vanderbilt correctly observed that both physicians opined Ms. Brumit's injuries are chronic in nature. In support of that position, Vanderbilt pointed out that her unauthorized physician, Dr. Cox, appeared to agree that the injury is not work-related when he opined, "Although she had no pain prior to her injury, the atrophy indicates that she did have a rotator cuff tear prior to this. I told her there might be an acute-on-chronic component."

The Court is cognizant of Ms. Brumit's sincerely-held belief that the work incident caused her bilateral rotator cuff tears. Nonetheless, our Appeals Board held that an employee's lay testimony, without corroborative expert testimony, does not constitute adequate evidence of medical causation. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *11-12 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Notably, in *Scott,* the Appeals Board observed, "Judges are not well-suited to second guess a medical expert's treatment, recommendations, and or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Id.* at *8.

Therefore, as a matter of law, the Court holds Ms. Brumit has not come forward with sufficient evidence showing she is likely to prevail on the issue of compensability

---

[3] Vanderbilt's failure to maintain a copy of the completed form is a direct violation of Tennessee Code Annotated section 50-6-204(a) (3)(D)(i) (2015). Whether that failure is subject to penalty under Tennessee Code Annotated section 50-6-118(12) (2015) is a question to be addressed by the Bureau's Compliance Program. The Court observes if it is not cause for a penalty, then the statute is bark without bite.

4

at a hearing on the merits. Her requests for medical and temporary disability benefits are denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Brumit's claim against Vanderbilt for the requested benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on November 21, 2016, at 8:30 a.m. Central time.

**ENTERED this the 4ᵗʰ day of October, 2016.**

Kenneth M. Switzer

Judge Kenneth M. Switzer
Court of Workers' Compensation Claims

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment

5

must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Medical Records
2. Affidavit of Patsy Brumit
3. Form C-42, Employee's Choice of Physician form
4. MRI films
5. Case manager email documenting referral, May 5, 2015

Technical record:
1. Petition for Benefit Determination, June 9, 2016
2. Ms. Brumit's Pre-Mediation Position Statement, undated
3. Employer's Position Statement, June 23, 2016
4. Dispute Certification Notice, July 14, 2016
5. Request for Expedited Hearing, August 3, 2016
6. Request for Expedited Hearing, August 15, 2016
7. Vanderbilt's Response in Opposition to Request for Expedited Hearing, September 15, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Relief was sent to the following recipients by the following methods of service on this the 4th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Patsy Brumit, Self-represented Employee | x | | | 9069 Highway 49 East, Orlinda, TN 37141 |
| Nathaniel Cherry, Employer's Counsel | | | x | ncherry@howardtatelaw.com |
| Compliance Program | | | x | WCCompliance.program@tn.gov |

_Penny Shrum_
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7